UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CAMILLE BELL, )
)
          Plaintiff, )
)
vs. ) Case No. 1:14-cv-983-TWP-TAB
)
IVY TECHNICAL COLLEGE, et al., )
)
)
          Defendants. )
)

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt 2] is **granted** to the extent that she shall be permitted to pay the filing fee in seven installments of $50.00. The first such installment shall be paid no later **than July 9, 2014,** and each installment thereafter shall be paid on or before the 20th day of each subsequent month. The full filing fee is $350.00.

**II.**

Because the plaintiff has sought and has been granted *in forma pauper* status, her complaint must be assessed under the standard established in 28 U.S.C. § 1915(e)(2). *Jaros v. Illinois Department of Corrections.* No. 11-2567 (7th Cir. July 3, 2012) ("when a district court has authorized a plaintiff to proceed in *forma pauperis* . . . the court may screen the complaint on the authority of 28 U.S.C. § 1915(e)(2)")(citing cases). Pursuant to that statute, a complaint shall be dismissed if the court determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To state a viable claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff's complaint alleges general wrongdoing on the part of the defendants with respect to the plaintiff's college courses. For example, the plaintiff alleges that her instructors improperly graded her papers. However, the complaint fails to state a claim upon which relief may be granted because the plaintiff has not identified a legal basis for relief in these circumstances. Accordingly, the complaint must be dismissed. Dismissal of the complaint will not, in this instance, result in dismissal of the action. Instead, the plaintiff shall have **through July 21, 2014**, in which to file an amended complaint. In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he

claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought.

**IT IS SO ORDERED.**

Date: _06/23/2014_

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Camille Bell
1035 Clarks Place Rd
Waynesboro, GA 30830